**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| DAWN MADDEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALLY FINANCIAL INC.,<br><br>　　　　Defendant | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. seq.] |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dawn Madden ("Plaintiff"), through her attorneys, alleges the following against Defendant, Ally Financial, Inc. ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Defendant transacts business here, therefore, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Richmond, Madison County, Kentucky.

6. Defendant is a creditor with its principle place of business located in Bloomington, Minnesota. Ally Financial, can be served at 200 Renaissance Center Detroit, Michigan 48243.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect a debt from Plaintiff.

9. On or about December 24, 2015, Defendant began placing calls to Plaintiff's cellular phone number (859) 588-4343.

10. Upon information and belief, the calls mainly originated from (888) 650-4831, (888) 611-6904 and (844) 421-2593; upon information and belief these numbers are owned or operated by Defendant.

11. On or about December 24, 2015, Plaintiff missed a call from Defendant originating from telephone number (888) 650-4831.

12. Plaintiff attempted to contact Defendant at (888) 650-4831 three additional times that same day.  At 11:01 a.m. Plaintiff answered a call. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. Plaintiff unequivocally revoked consent to be called any further regarding this debt.

15. Between December 24, 2015 and December 29, 2015, Defendant proceeded to call Plaintiff on her cellular phone not less than nine (9) times.

16. On or about December 29, 2015 at 4:40 p.m., Plaintiff answered another call from Defendant on her cellular phone. The call came from Defendant's phone number (844) 421-2593. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Plaintiff again unequivocally revoked consent to be called any further.

18. Between January 1, 2016 and January 30, 2016, Defendant willfully called Plaintiff not less than forty-five (45) additional times on Plaintiff's cellular phone.

19. Between February 1, 2016 and February 4, 2016, Defendant willfully called Plaintiff not less than twelve (12) additional times on Plaintiffs cellular phone.

20. On February 5, 2016, Hon. Alla Gulchina, attorney for Price Law Group, APC, sent a demand letter to Ally Financial Inc. via email to corporatefinance@ally.com and via USPS to Ally Financial, PO Box 380901, Bloomington, MN 55438.

21. Upon information and belief, between February 5, 2016, the day the demand letter was e-mailed and sent via USPS, and February 12, 2016, there were no less than thirty (30) additional willful calls made to Plaintiff's cellular phone by Defendant.

22. On or about February 7, 2016, Defendant called Plaintiff on her cellular phone two (2) times within one minute, at 4:11 p.m.

23. Upon information and belief, between December 24, 2015 and February 12, 2016, Defendant willfully contacted Plaintiff no less than ninety-six (96) times on her cellular phone, despite multiple revocations.

24. As a result of Defendants conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within one year prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than    a    call    made    for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service    for which the called party is charged for the call."

(b)     Within one year prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an

automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Dawn Madden, respectfully requests judgment be entered against Defendant, Ally Financial, for the following:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C)

    B. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

/s/ *Stefanie Ebbens Kingsley*\_\_\_\_
Stefanie Ebbens Kingsley Law , PLLC
Attorney for Plaintiff
801Master Street, Suite 4
Corbin, KY 40701
(606) 260- 2565 (P)
(606) 656-0805 (F)
stefanie@sek-law.com

- 6 -