```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                  CENTRAL DIVISION at LEXINGTON
```

DAWN MADDEN,                     )
                                 )
    Plaintiff,                   )
                                 )   Civil Case No. 16-cv-172-JMH
v.                               )
                                 )
                                 )
ALLY FINANCIAL INC.,             )   **MEMORANDUM OPINION AND ORDER**
                                 )
    Defendant.                   )

                                      \*\*\*

This matter is before the Court upon Defendant Ally Financial Inc.'s ("Ally's") Motion to Compel Arbitration [DE 18]. For the reasons stated herein, Defendant's motion will be **GRANTED**.

## Facts and Procedural Background

This case arises from a dispute over Defendant's attempts to collect a debt from Plaintiff. On June 1, 2016, Plaintiff filed a Complaint alleging Defendant called her cell phone repeatedly, after she revoked her consent to be contacted, and that these calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 [DE 1]. Defendant filed an Answer on July 8, 2016 [DE 9]. Regarding jurisdiction and venue, Plaintiff alleged:

> 2. Jurisdiction of this court arises under 47 U.S.C. § 227.
> 3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.
> 4. Defendant transacts business here, therefore, personal jurisdiction is established.

[DE 1, Complaint, ¶¶ 2-4].

In response to the allegations in the Complaint as to Jurisdiction and Venue, the defendant answered:

> 2. The allegations set forth in Paragraph 2 are legal conclusions, which are not subject to denial or admission. To the extent a response is required, and to the extent the allegations are contrary to the law, they are denied.
> 3. The allegations set forth in Paragraph 3 are legal conclusions, which are not subject to denial or admission. To the extent a response is required, and to the extent the allegations are contrary to the law, they are denied.
> 4. The allegations set forth in Paragraph 4 are legal conclusions, which are not subject to denial or admission. To the extent a response is required, and to the extent the allegations are contrary to the law, they are denied.

[DE 9, Answer, ¶¶ 2-4]. The defendant also asserted the following affirmative defenses in its Answer:

> 1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.
> 2. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent he has suffered no injury-in-fact.
> 3. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4. Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.
5. Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.
6. Plaintiff's claims fail to the extent Ally had the prior express consent of the owner and/or subscriber of the telephone number in question to place the alleged telephone calls at issue.
7. Plaintiff's claims fail to the extent Ally's actions were authorized by the terms of the underlying agreements creating the debt.
8. Plaintiff's claims are barred or diminished by Allys's *[sic]* rights of setoff, recoupment, and/or restitution.
9. Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses, and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

[DE 9, Answer, Affirmative Defenses ¶¶ 1-9]. On August 10, 2016, the parties jointly filed a Report of Rule 26(f) meeting [DE 13]. On November 3, 2016, nearly four months after filing an Answer, Defendant filed the instant Motion to Compel Arbitration and Supporting Memorandum [DE 18 and 19]. Plaintiff responded [DE **]

and Defendant replied [DE **], thus the motion is ripe for a ruling.

## Applicable Law

The parties appear to agree, and this Court holds, that federal law governs whether a party waives its right to compel arbitration. *See Francis v. Nami Resources Co., LLC*, No. 04-510-KKC, 2007 WL 3046061, *4 (E.D.Ky. October 16, 2007). "[A]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Gen'l Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002)(quoting *Germany v. River Terminal Ry. Co.*, 477 F.2d 546, 547 (6th Cir. 1973)(per curiam)). The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") governs the arbitration agreement at issue. The Sixth Circuit Court of Appeals has explained the preference for enforcing arbitration agreements pursuant to the FAA:

> It is well established that any doubts regarding arbitrability must be resolved in favor of arbitration. . . . An agreement to arbitration may be 'waived by the actions of a party which are completely inconsistent with any reliance thereon.' *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat,* 289 F.3d 434, 438 (6th Cir.2002) (quoting *Germany v. River Terminal Ry. Co.,* 477 F.2d 546, 547 (6th Cir.1973)). There is a strong presumption in favor of arbitration under the FAA. *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 355 (6th Cir.2003). Because of the strong presumption in favor of arbitration,

4

> waiver of the right to arbitration is not to be lightly inferred. *Id.*

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003).

## Analysis

Plaintiff argues Defendant waived its right to arbitrate this dispute by answering the Complaint and failing to raise arbitration as an affirmative defense, or raise arbitration at all, until several months after the initiation of this lawsuit. The Court agrees that ideally the party seeking to enforce an arbitration agreement would raise that issue in the pleadings at the outset of the case. However, the FAA and controlling Sixth Circuit case law require finding in favor of arbitration of this matter.

As noted above, waiver of an arbitration clause is "not to be lightly inferred" because the FAA includes a "strong presumption in favor of arbitration." *Id.*; *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005). Parties may waive an arbitration clause by "(1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012) (quotation marks omitted). Neither is the case here. The only action Defendant took which could be considered inconsistent with reliance on the arbitration

5

agreement was filing an Answer that did not include the arbitration agreement as a specific affirmative defense. The defendant did, however, generically deny jurisdiction and venue in its Answer [DE 9, Answer ¶¶ 2-4]. The Court finds that failing to assert the arbitration agreement as an affirmative defense in the Answer, but moving to compel arbitration soon after discovering the arbitration clause, is not "completely inconsistent" with an intent to rely on the arbitration clause.

Additionally, Plaintiff's response to the motion does not demonstrate any prejudice to her as a result of Defendant's delay in asserting reliance on the arbitration clause. "Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Johnson Assoc. Corp. v. HL Operating Corp.*, 680 F.3d 713, 719-20 (6th Cir. 2012) (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2nd Cir. 1991)). It appears, at most, Defendant's delay in moving to compel arbitration caused Plaintiff to incur legal fees for the preparation of a case management plan and written discovery propounded on Defendant. [DE 9 and 17].

Plaintiff argues the arbitration clause should not be enforced because it is procedurally unconscionable. Plaintiff

6

supports this argument with two unreported district court cases from other districts which held that arbitration clauses without opt-out provisions were unconscionable. The undersigned is unaware of any binding law which states a contract of adhesion that does not include an "opt-out" provision for the arbitration clause is automatically unconscionable. Under Kentucky contract law, the doctrine of unconscionability "forbids only one-sided, oppressive, and unfairly surprising contracts, and not mere bad bargains." *Forsythe v. Bancboston Mortgage Corp.*, 135 F.3d 1069, 1074 (6th Cir. 1997)(*citing Louisville Bear Safety Service, Inc. v. South Central Bell Tel. Co.*, 571 S.W.2d 438, 439 (Ky.Ct.App. 1978)). Essentially, "[a]n unconscionable contract is a contract which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other." *Id.(citations omitted)*. The mere absence of an arbitration opt-out, or the fact that it was a contract of adhesion, does not make the arbitration clause unconscionable.

Because the parties' agreement requires the Court to refer all of plaintiff's claims to arbitration, the Court will dismiss this action without prejudice and retain jurisdiction to enforce any arbitration award. Accordingly, and for the reasons stated herein, **IT IS ORDERED**:

(1) That the Motion to Compel Arbitration is **GRANTED**;

(2) That the parties shall proceed to arbitration in accordance with the terms of the arbitration clause contained in the contract; and

(3) That this action is **DISMISSED WITHOUT PREJUDICE** and this Court retains jurisdiction to enforce any arbitration award, if necessary.

This 2nd day of June, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge